GOERTZ, Plaintiff-Appellant, v. WODZISZ, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20370—Decided October 7, 1946.

F. J. Kmiecek, Cleveland, for Plaintiff-Appellant.
Brinsky & Brinsky, Cleveland, for Defendants-Appellees.

## OPINION

By HURD, J.

This is an appeal on questions of law from the Municipal Court of Cleveland. The case was tried to a court and jury, resulting in a verdict for the defendants. The action was for damages for breach of a four year lease.

It is claimed by plaintiff appellant that the defendants vacated the premises and that the same remained vacant for a period of one year and damages were claimed on the basis of $25.00 per month or the sum of $300.00.

There are a number of assignments of error but principally urged are that the court erred, (1) in refusing to grant

plaintiff's motion for judgment on the pleadings and opening statement of counsel; (2) in admitting evidence to contradict or vary the terms of a written instrument; (3) in refusing to grant the motion of plaintiff for judgment non obstante veredicto.

We have examined the record and find that the opening statement of defendants' counsel supports the allegations set forth in the answer to the effect that it had been mutually agreed between the parties that "said lease be voided and that the said defendants vacate the premises and all this for the purpose in order that plaintiff may sell the said premises." This was in the nature of an affirmative defense which the defendants were entitled to present and we find that the court did not err in overruling plaintiff's motion for judgment.

As to plaintiff's claim that the court erred in the admission of evidence, we find that the record discloses conversations between the parties concerning the vacation of the premises and the cancellation of the lease. This is not a violation of the rule that parol evidence cannot be received to vary the terms of a written instrument.

As for the motion for judgment non obstante veredicto, the plaintiff complains that the jury did not follow the instructions contained in the following excerpt of the court's charge:

"The court charges you that this lease is an instrument in writing with reference to real estate and could, of course, be cancelled, by mutual agreement of the parties hereto, but it must be cancelled in writing either on the instrument itself or in a separate instrument."

It is clear that the jury did not follow this instruction as there was no evidence of a written cancellation of the lease. But was this a correct instruction of the law applicable to the issues of fact disclosed by the evidence? We think not.

There are many ways in which a lease for years may be terminated. A written lease may be terminated by mutual agreement and as between the parties it is not necessary that such agreement to cancel be evidenced by a writing signed by the parties. The courts have uniformly held to this view. Certainly a writing is unnecessary in the following cases: by forfeiture; by surrender; by eviction in some cases; by a destruction of the demised premises; or rescission under certain circumstances, and by operation of law; by cancellation by act with consent of the parties, or by the efflux of time. See **Landlord & Tenant, 24 O. Jur., Sec. 390, et seq.;**

p. 1141 et seq.; American Jurisprudence, Sec. 824 et seq.; Ruling Case Law, Sec. 617 et seq.; and authorities therein cited.

It is our conclusion that the court erred in this part of the charge, but that this error was prejudicial to the defendants and not to the plaintiff.

In reviewing the entire record we find that plaintiff appellant served notice on defendants to vacate the property on January 6, 1941, and that the defendants did vacate the premises on June 1, 1941. The petition for vacation was on the ground of non-payment of rent but the record shows that after the filing of the petition the rent was paid by defendants and accepted by the plaintiff without prejudice to the pending action and that when the defendants vacated the premises the rent was paid to date. There is also evidence in the record through the testimony of one of the defendants and two apparently disinterested witnesses, to the effect that there was an oral agreement between the parties that defendants would vacate the premises in order to enable plaintiff to sell the same. There is also evidence tending to show that while the premises remained vacant a "For Sale" sign was placed in the window and that many people desirous of renting the premises made inquiries concerning the same but that the plaintiff declined to rent the premises but held the property for sale purposes only.

It is our view that this evidence presented an issue of fact upon an affirmative defense for determination of the jury under proper instructions from the court, and the jury having decided the issue favorably to the defendants and there being no error prejudicial to the plaintiff in respect thereto, the judgment should be affirmed.

Judgment affirmed.

SKEEL, PJ, Morgan, J, concur.